IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:15-CV-00794-TFM |
| SPECALLOY CORPORATION, PANHANDLE IRON & SCRAP, INC., JOSEPH T. DONOVAN, URBAN MINING, LLC, PANHANDLE ROCKY MOUNTAIN CONVERTER RECYCLING, LLC, PANHANDLE-MIDWEST CONVERTER RECYCLING, LLC, PANHANDLE CONVERTER & CORE, LLC, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR WRIT OF SEIZURE

Pursuant to Alabama Code §§ 6-6-250, *et seq.* and Rule 64 of the Federal Rules of Civil Procedure, Plaintiff Wells Fargo ("Wells Fargo") moves the Court for the issuance of a writ of seizure of specific personal property. This motion is based upon the Declaration of Dominick Masciantonio attached hereto as **Exhibit A** (the "Masciantonio Declaration"). Attached hereto as **Exhibit B** is the Detinue Bond required by Alabama Code § 6-6-250. As grounds for this motion, Wells Fargo states as follows:

1.  Federal Rule of Civil Procedure 64 provides that, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64.

2.  Plaintiff's Complaint sets forth two counts for replevin of certain personal property under Alabama law. *See* Doc. 1 at ¶¶ 80-89. In Alabama, the beneficial qualities of common-law replevin and detinue actions have been statutorily joined by Alabama Code Sections 6-6-250 through 6-6-264 and provide for a statutory method for the recovery of personal property. *See Ivey v. Verbeck*, 461 So. 2d 813 (Ala. Civ. App. 1984).

3.  Under Alabama Code §§ 6-6-250, *et seq.* (made applicable to this action by Fed. R. Civ. P. 64), when an action is commenced for the recovery of personal property, as Wells Fargo has done in its Complaint filed in this action, if the plaintiff, its agent or attorney makes an affidavit that the personal property sued for belongs to the plaintiff and executes a bond in such sum and with such surety as may be approved by the clerk, with the condition that if the plaintiff fails in its action then it will pay the defendant all costs and damages that the defendant may sustain as a result of the wrongful complaint, then the clerk *shall* "endorse on the summons that the sheriff is required to take the property mentioned . . . into his possession." Ala. Code § 6-6-250(a). However, the defendant may give bond

2

payable to plaintiff in an amount equal to double the value of the personal property sued for, in lieu of surrendering the personal property as set forth above, with the condition that if the defendant fails in the action it will, within thirty (30) days, deliver the personal property sued for to plaintiff and pay all costs and damages that accrued from defendant's detention of the personal property. *See* Ala. Code § 6-6-250(a).

4. If the defendant fails to give such bond within five days, the personal property sued for "must be delivered to the plaintiff on [plaintiff's] giving bond, with sufficient surety, in double the value of the property, payable to the defendant," with the condition that the plaintiff must deliver the personal property to the defendant within thirty (30) days after judgment in the case that it fails in the action.[1] Ala. Code § 6-6-250(b). If the plaintiff fails to give a bond equal to double the value of the personal property for five days after the expiration of the time allowed the defendant, then the personal property must be returned to the defendant. Ala. Code § 6-6-250(b).

5. As set forth in the Complaint in this case and the Declaration of Dominick Masciantonio attached hereto, as a condition of Plaintiff's giving a loan to Defendants SpecAlloy Corporation ("SpecAlloy") and Panhandle Iron & Scrap, Inc. ("Panhandle Iron"), Plaintiff was granted a security interest in certain personal

---

[1] Plaintiff must also pay all damages for the detention of the property and the costs of the action in the event the plaintiff is not successful in its action to recover the personal property. Ala. Code § 6-6-250(b).

3

property of SpecAlloy and Panhandle Iron (the "SpecAlloy Collateral" and "Panhandle Iron Collateral," respectively).

6. The security interests given by SpecAlloy and Panhandle Iron are blanket security interests that effectively cover all of the personal property of both companies. Specifically, the SpecAlloy Collateral consists of all of SpecAlloy's inventory, all accounts, contract rights, chattel paper, general intangibles and other rights to payment of every kind, and all equipment. The Panhandle Iron Collateral consists of all of Panhandle Iron's inventory, all accounts, contract rights, chattel paper, general intangibles and other rights to payment of every kind, and all equipment. The personal property of both companies is further described in the depreciation schedules (the "Depreciation Schedules") attached hereto as **Exhibit C**.

7. SpecAlloy and Panhandle Iron have defaulted on their loan obligations and have refused to surrender the SpecAlloy Collateral and the Panhandle Iron Collateral (collectively, the "Defendants' Collateral"), despite Plaintiff's attempts to peaceably recover the Defendants' Collateral. *See* Masciantonio Declaration at ¶¶ 14-16.

8. Given SpecAlloy's and Panhandle Iron's refusal to surrender the Defendants' Collateral, the risk of concealment, transfer, or other disposition of or damage to the Defendants' Collatetal is substantial and immediate.

B SCP01 1463501 v1
1039341-000731

9. Accordingly, Plaintiff requests that this Court conduct its preliminary examination of the Complaint, this Motion, the Masciantonio Declaration, and attachments thereto, pursuant to Rule 64 of the Federal Rules of Civil Procedure, and grant the relief requested herein to prevent irreparable harm to Plaintiff through the loss of the Defendants' Collateral.

10. Contemporaneously herewith, Plaintiff is posting a bond in an amount equal to the value of the Collateral.

11. A proposed writ of seizure is attached hereto as **Exhibit D**.

*/s/ Patton Hahn*
W. PATTON HAHN (HAH010)
SAMUEL C. PIERCE (PIE032)
Attorneys for Wells Fargo Bank, N.A.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 250-8359 – telephone
(205) 488-3769 – facsimile
phahn@bakerdonelson.com
scpierce@bakerdonelson.com

B SCP01 1463501 v1
1039341-000731

## Certificate of Service

I hereby certify that the foregoing has been served upon the following counsel of record by the Court's electronic filing system, this December 11, 2015:

Cameron A. Metcalf
Attorney for Defendants SpecAlloy and Panhandle Iron
P.O. Drawer 6504
Dothan, Alabama 36302-6504

*/s/ Patton Hahn*
Of Counsel

6

B SCP01 1463501 v1
1039341-000731